(No. 4033)

CHARLES W. YOUNG, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1947.*

CLAIMANT, *pro se.*

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Charles W. Young, filed his complaint on August 2nd, 1947 for loss of the use of his left eye resulting from an accident which occurred on March 18, 1947.

He was employed by respondent in the Department of Public Works and Buildings, Division of Highways, as a common laborer. On March 18, 1947 claimant was engaged in removing broken portions of the paved surface of U. S. Highway 36 and making temporary patches with a bituminous mix. He placed his pick under the edge of a V-shaped piece of broken concrete to pry it loose from the surrounding pavement, and as he pried back on his pick a small piece of concrete broke off and struck claimant in his left eye. The foreman took him to Dr. Harry O. Pope, who treated him for a lacerated cornea, and the following morning, March 19, 1947, took claimant to Dr. T. P. Leonard, an eye, ear, nose and throat specialist in Decatur. On July 5, 1947 Dr. Leonard submitted his final report to the Division of Highways, as follows:

"Nature of Injury—Intraocular foreign body in left eye, traumatic cataract. Treatment—Removal of intraocular foreign body, linear extraction of cataract. X-rays—3/19/47, 3/22/47, 4/4/47. Date patient was discharged—June 6, 1947. Date able to work—April 24, 1947. Permanent disability—100 per cent loss of vision in left eye. O. S. 20/400."

From the record, we find that claimant was injured during the course of and out of his employment, and as all jurisdictional requirements have been satisfied, he is entitled to the benefits as provided in the Workmen's Compensation Act.

Claimant is married but has no children. His earnings in the year preceding his injury were $1,803.30. His compensation rate would be the maximum of $15.00 per

week, which must be increased 20% to .$18.00 per week, the accident having occurred subsequent to July 1, 1945. He was paid $84.86 for total temporary disability for the period of March 19, 1947 to April 20, 1947 inclusive. All medical, hospital and nursing bills were paid by respondent in connection with this injury, totalling $691.15.

We find from the evidence that claimant has suffered a 100 per cent loss of vision in his left eye, and is entitled to receive the sum of $2,160.00, based on 120 weeks at his compensation rate of $18.00 per week.

The sum of $100.00 should also be paid to the Treasurer of the State of Illinois for the special fund provided in Section 7, Paragraph E of the Workmen's Compensation Act and as authorized under Section 8, Paragraph E, Sub-paragraph 20 of the said Act.

An award is therefore entered in favor of claimant, Charles W. Young, in the sum of $2,160.00, payable as follows:

$ 540.00, which has accrued and is payable forthwith;
$1,620.00, payable in installments of $18.00 per week for 90 weeks, commencing November 24, 1947.

An award is also entered for the sum of $100.00, payable to the Treasurer of the State of Illinois.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."